# EXHIBIT 1

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM   INDEX NO. 604050/2026
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 02/11/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------x

TOWN OF ISLIP,

**Index No.**

Plaintiff designates the
the County of Suffolk as
the place of trial

Plaintiff,

-against-

The basis of venue
designated is Plaintiff's
Place of Business

U.S. UNDERWRITERS INSURANCE COMPANY,

**SUMMONS**
Plaintiff's address is
655 Main Street
Islip, NY 11751
COUNTY OF SUFFOLK

Defendant.

------------------------------------------------x

To the above-named Defendant,

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

Dated: North Babylon, New York
       February 11, 2026

WILLIAM D. WEXLER, ESQ.
Attorney for Plaintiff
816 Deer Park Avenue
North Babylon, NY 11703
(631) 422-2900

**DEFENDANT'S ADDRESS:**

U.S. UNDERWRITERS INSURANCE COMPANY
1190 Devon Park Drive
P.O. Box 6700
Wayne, PA 19087

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 604050/2026

RECEIVED NYSCEF: 02/11/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TOWN OF ISLIP,

                                  Plaintiff,

    -against-

U.S. UNDERWRITERS INSURANCE COMPANY,

                                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No.**

**VERIFIED COMPLAINT**

Plaintiff, TOWN OF ISLIP (the "Town"), by its attorneys, WILLIAM D. WEXLER, ESQ., alleges upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## PARTIES

1.    At all times hereinafter mentioned, Plaintiff TOWN OF ISLIP was and still is a municipal corporation duly organized and existing under the laws of the State of New York, with its principal offices located in Suffolk County, New York.

2.    At all times hereinafter mentioned, Defendant U.S. UNDERWRITERS INSURANCE COMPANY ("UNDERWRITERS") was and still is an insurance company authorized to transact business and issue liability insurance policies in the State of New York.

3.    UNDERWRITERS transacts business in New York State and maintains claims-handling operations through its parent, United States Liability Insurance Group, located at 1190 Devon Park Drive, P.O. Box 6700, Wayne, Pennsylvania 19087.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to CPLR § 301 and New York Insurance Law §§ 1212 and 1213, as Defendant issued an insurance policy covering risks located in New York State and transacts business within this State.

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 604050/2026

RECEIVED NYSCEF: 02/11/2026

5. Venue is proper in Suffolk County pursuant to CPLR § 503 because Plaintiff resides in Suffolk County and the events giving rise to this action occurred in Suffolk County.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT AGAINST
## U.S. UNDERWRITERS INSURANCE COMPANY

6. Plaintiff repeats, re-alleges, and incorporates herein each and every allegation contained in paragraphs "1" through "5" as if fully set forth herein.

7. Prior to May 29, 2023, UNDERWRITERS issued Commercial General Liability Policy No. SE3001801 (the "Policy") to the Holbrook Chamber of Commerce (the "Named Insured") for the policy period of May 29, 2023 through December 9, 2023.

8. Pursuant to the Policy and the ACORD Certificate of Insurance issued by The Coste Agency, the Town of Islip, together with its board members, officers, employees, servants, and agents, was named as an Additional Insured on a primary and non-contributory basis.

9. The Policy was in full force and effect on August 26, 2023, the alleged date of the occurrence giving rise to the Underlying Action. The Holbrook Chamber of Commerce obtained a permit from the Town of Islip to conduct the carnival, which permit required the Chamber to procure liability insurance covering the event and naming the Town as an additional insured for liabilities arising out of the Chamber's operations.

10. On or about August 26, 2023, Infant-Plaintiff G.C. allegedly sustained bodily injuries at the Holbrook Chamber Carnival, an event operated and supervised by the Named Insured pursuant to a permit issued by the Town.

11. As a result, an action entitled G.C. et al. v. The Suffolk County Police Department, et al., Index No. 617165/2023, was commenced in the Supreme Court of the State of New York, County of Suffolk (the "Underlying Action").

2

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 604050/2026

RECEIVED NYSCEF: 02/11/2026

12. The Underlying Action names the Town of Islip, among others, as a defendant and alleges, inter alia, negligent planning, supervision, operation, and security of the carnival.

13. The Summons and Verified Complaint in the Underlying Action assert causes of action sounding in negligence and, in paragraphs 30 and 31 thereof, expressly allege that the Town of Islip was negligent in failing to provide adequate security and protection at the carnival.

14. As a matter of law, the allegations asserted against the Town arise out of, and are connected to, the permitted activities, operations, and security obligations of the Holbrook Chamber of Commerce, the Named Insured. The Town-issued permit constitutes a written instrument under which the Chamber was required to obtain insurance coverage for the benefit of the Town, thereby satisfying the Policy's Additional Insured endorsement requirements.

15. On or about December 15, 2025, the Town formally tendered its defense and indemnification to UNDERWRITERS as an Additional Insured under the Policy, demanding that UNDERWRITERS immediately assume the Town's defense and indemnification obligations in connection with the Underlying Action. (Exhibit "A").

16. By letter dated January 16, 2026, UNDERWRITERS issued a written denial of coverage, refusing to defend or indemnify the Town. In that denial, UNDERWRITERS asserted, inter alia, that (a) the Town allegedly does not qualify as an Additional Insured, (b) coverage is barred by the Policy's Assault or Battery Exclusion, and (c) the Town's alleged negligence is the sole proximate cause of the claimed injuries. (Exhibit "B").

17. UNDERWRITERS' January 16, 2026 disclaimer is improper, erroneous, and ineffective under New York Insurance Law § 3420(d)(2). UNDERWRITERS had previously issued coverage correspondence purporting to disclaim coverage on different and inconsistent

3

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 604050/2026

RECEIVED NYSCEF: 02/11/2026

grounds, and its belated attempt to expand or reframe its disclaimer is barred as a matter of law. Any ambiguity or inconsistency in the disclaimer must be construed against the insurer.

18.    Under New York law, an insurer's duty to defend is exceedingly broad and is triggered whenever the allegations of the complaint suggest a reasonable possibility of coverage, even where the complaint alleges that the additional insured was negligent, and even where the insurer ultimately contends that an exclusion may apply. Any doubt as to the availability of coverage must be resolved in favor of the insured at the duty-to-defend stage.

19.    The allegations in paragraphs 30 and 31 of the Underlying Complaint do not conclusively establish that the Town's alleged negligence was the sole proximate cause of the incident and do not negate the reasonable possibility that the claims arise out of the Named Insured's operations, thereby triggering UNDERWRITERS' duty to defend the Town as a matter of law.

20.    An actual and justiciable controversy exists between the parties concerning their respective rights and obligations under the Policy.

(a)    By letter dated January 12, 2026, the Town made a further written demand upon UNDERWRITERS for production of a complete and certified copy of Policy No. SE3001801, including all declarations, endorsements (including additional insured, exclusionary, and limiting endorsements), applications, binders, schedules of events, special event endorsements, and all amendments or modifications in effect for the August 26, 2023 occurrence. (Exhibit "C").

(b)    Despite this demand, UNDERWRITERS failed and refused to produce a complete copy of the Policy. Any partial production, excerpts, or selective endorsements previously furnished are incomplete and insufficient and do not satisfy

4

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 604050/2026

RECEIVED NYSCEF: 02/11/2026

UNDERWRITERS' disclosure obligations under the Policy or New York Insurance Law § 3420.

(c)    UNDERWRITERS' failure to produce the complete Policy while simultaneously relying on purported exclusions and limitations to deny coverage is improper as a matter of law. An insurer may not rely upon policy provisions to disclaim coverage while withholding the full insurance contract upon which it purports to rely.

(d)    UNDERWRITERS' failure to timely produce the complete Policy further prejudiced the Town and constitutes additional wrongful conduct supporting the Town's claims for declaratory relief, breach of contract, and recovery of defense costs and attorneys' fees.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR BREACH OF CONTRACT
AGAINST U.S. UNDERWRITERS INSURANCE COMPANY**

21.    Plaintiff repeats, re-alleges, and incorporates herein each and every allegation contained in paragraphs "1" through "20" as if fully set forth herein.

22.    UNDERWRITERS is estopped from denying coverage based upon its failure to issue a timely, complete, and consistent disclaimer of coverage, and based upon its failure to identify all grounds for disclaimer with the specificity required by New York Insurance Law § 3420(d)(2).

23.    By reason of UNDERWRITERS' wrongful refusal to defend, the Town has been prejudiced as a matter of law and forced to retain its own counsel and incur substantial defense costs in the Underlying Action.

5

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 604050/2026

RECEIVED NYSCEF: 02/11/2026

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR BREACH OF CONTRACT
### AGAINST U.S. UNDERWRITERS INSURANCE COMPANY

24. Plaintiff repeats, re-alleges, and incorporates herein each and every allegation contained in paragraphs "1" through "23" as if fully set forth herein.

25. UNDERWRITERS breached the insurance contract by refusing to defend and indemnify the Town despite clear allegations triggering coverage.

26. As a direct and proximate result of UNDERWRITERS' breach, the Town has incurred and continues to incur attorneys' fees, litigation costs, and related expenses in defending the Underlying Action.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR ATTORNEYS' FEES

27. Plaintiff repeats, re-alleges, and incorporates herein each and every allegation contained in paragraphs "1" through "26" as if fully set forth herein.

28. As a result of the UNDERWRITERS' wrongful conduct the Town has been required to expend sums of money to defense itself in the Underlying Action.

29. The Town seeks recovery of all attorneys' fees incurred in its defense of the Underlying Action as damages arising solely from UNDERWRITERS' wrongful conduct.

WHEREFORE, Plaintiff respectfully requests that this Court issue a judgment:

(a) Declaring that Defendant U.S. UNDERWRITERS INSURANCE COMPANY is obligated to defend and indemnify the Town of Islip in the Underlying Action;

(b) Directing Defendant to reimburse the Town for all defense costs and attorneys' fees incurred to date and to provide an ongoing defense;

(c) Awarding Plaintiff attorneys' fees incurred in prosecuting this declaratory judgment action;

6

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 604050/2026

RECEIVED NYSCEF: 02/11/2026

(d)  Awarding Plaintiff its costs and disbursements; and

(e)  Granting such other and further relief as the Court deems just, proper, and

equitable.

Dated: North Babylon, New York
February 11, 2026

WILLIAM D. WEXLER, ESQ.
Attorney for Plaintiff
816 Deer Park Avenue
North Babylon, New York 11703
(631) 422-2900

7

FILED: SUFFOLK COUNTY CLERK 02/11/2026 02:49 PM          INDEX NO. 604050/2026
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/11/2026

## VERIFICATION

STATE OF NEW YORK)
          :SS:
COUNTY OF SUFFOLK)

WILLIAM D. WEXLER, being duly sworn, deposes and says:

1. Deponent is counsel to the Town of Islip, a party in the within action.

2. Deponent has read the foregoing Summons and Verified Complaint and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes it to be true.

3. This verification is made by me because the above party is a Municipal Corporation and I am counsel thereof.

4. The grounds of deponent's belief as to all matters not state upon deponent's own knowledge are: (a) public records, (b) work product, (c) personal investigation, (d) correspondence and interviews with defendant(s), their deputies, agents and employees, (e) or that they are matters of law; if this verification is made for a non-corporate party the material allegations are within deponent's personal knowledge based on the foregoing.

5. The undersigned affirms that the foregoing statement are true under the penalties of perjury.

_____
WILLIAM D. WEXLER

Sworn to before me this
11th day of February, 2026

_____
Notary Public

CHRISTINE MONTEFORTE
Notary Public, State of New York
Qualified in Suffolk County
Reg. No. 01MO5052177
My Commission Expires Nov. 20, 20_29_

9 of 9

# EXHIBIT A

WILLIAM D. WEXLER
ATTORNEY AT LAW
816 DEER PARK AVENUE
NORTH BABYLON, NEW YORK 11703
(631) 422-2900

December 15, 2025

U.S. Underwriters Insurance Company
c/o United States Liability Insurance Group
1190 Devon Park Drive
P.O. Box 6700
Wayne, PA 19087

Attn:    Maureen Connor, Assistant Vice President
         Senior Coverage Specialist

Re:    Formal Tender of Defense and Indemnity
       Additional Insured:    Town of Islip
       Named Insured:         Holbrook Chamber of Commerce
       Policy No.:            SE 3001801
       Claim No.:             0-35644
       Claim                  G. C. et al v. The Suffolk County Police Department, et al.
       Index No.:             617165/2023 (Supreme Court, Suffolk County)
       Loss Date:             August 26, 2023
       Event:                 Holbrook Chamber Carnival
       Location:              Holbrook Country Club, Town of Islip, NY

To Whom It May Concern:

I am the attorney for the Town of Islip. In that regard, please accept this correspondence as the formal and immediate tender by the Town of Islip of its rights to a full defense and indemnity under Commercial General Liability Policy No. SE 3001801 issued by U.S. Underwriters Insurance Company to the Holbrook Chamber of Commerce. The Town has been named as a defendant in the above-referenced personal injury action arising from an incident that occurred during the Holbrook Chamber of Commerce Carnival held at the Holbrook Country Club on August 26, 2023. This event was hosted, operated, and supervised by the Holbrook Chamber of Commerce, the Named Insured under the policy. The Chamber's Carnival Application submitted to the Town, along with the Incident Action Plan, confirms that the event was a Chamber-run and Chamber-controlled activity for which general liability coverage was procured.

The ACORD Certificate of Liability Insurance issued by The Coste Agency expressly identifies the "Town of Islip and its board members, officers, employees, servants, and agents" as additional insureds on a primary basis with respect to general liability coverage. This certificate directly corresponds to the Special Events policy and additional insured endorsement typically issued by U.S. Underwriters.

Accordingly, the Town qualifies as an additional insured for this loss, and U.S. Underwriters is required to provide the Town with a full defense effective immediately.

A review of the Summons and Verified Complaint demonstrates that the claims asserted clearly arise out of the operations of the Named Insured, the Holbrook Chamber of Commerce. The Complaint alleges that the Chamber obtained the required permits, managed and operated the carnival, provided and supervised rides and attractions, supplied personnel, and was responsible for the safety and security of attendees. (Summons & Complaint, pp. 5–8.)

The Complaint further alleges negligent supervision, negligent security, and negligent operation of the event—each of which directly implicates the Chamber's acts or omissions. Under long-established New York law, including *Regal Construction Corp. v. National Union Fire Ins. Co., BP Air Conditioning Corp. v. One Beacon Ins. Group, and Burlington Ins. Co. v. NYC Transit Authority*, the duty to defend an additional insured is triggered whenever the complaint alleges that the named insured's conduct was a cause of the injury. The duty to defend is exceedingly broad, and even a "reasonable possibility" of coverage requires a defense.

To the extent U.S. Underwriters has suggested that coverage is barred by a "sole negligence" exclusion, that position is untenable. The Complaint alleges negligence on the part of multiple defendants, including the Chamber itself. The Chamber's alleged acts are plainly intertwined with the causal chain of events. A "sole negligence of the additional insured" exclusion applies only where the additional insured is alleged to be the *only* negligent tortfeasor. That is indisputably not the case here. As pleaded, the Chamber's conduct is central to the alleged injury, thereby triggering additional insured coverage and rendering the exclusion inapplicable as a matter of law.

Accordingly, the Town of Islip formally demands that U.S. Underwriters immediately accept this tender, assume the Town's defense, appoint qualified defense counsel at U.S. Underwriters' expense, and reimburse the Town for all defense costs incurred to date. Written confirmation of acceptance of this tender is expected within ten (10) days of receipt of this letter. Failure to accept the tender and provide a defense constitutes a breach of contract and a violation of New York Insurance Law §3420(d)(2), obligating the insurer to provide a timely and specific written notice of disclaimer. A continued refusal to defend will expose U.S. Underwriters to liability for attorneys' fees incurred by the Town in establishing coverage, pursuant *to Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12 (1979), and may also subject the insurer to bad-faith liability.

In addition, the Town notes that U.S. Underwriters has previously issued two written denials of coverage—first by correspondence dated February 12, 2024, and again by correspondence dated November 6, 2025—each of which asserts that the Town is not an additional insured under Policy No. SE 3001801 and that coverage is barred by various exclusions, including the "sole negligence" exclusion and the assault-and-battery exclusion. These letters, however, mischaracterize both the underlying allegations and the governing law. The February 12, 2024 denial letter expressly acknowledges the Town's tender but incorrectly states that no allegations of negligence have been asserted against the Named Insured and that the Town's alleged negligence

2

was "sole" in nature. The subsequent November 6, 2025 letter repeats these positions despite the existence of pleadings and event documentation demonstrating the Chamber's operational control over the carnival and its role in creating the conditions that allegedly contributed to the incident.

Both denials fail to account for the broad duty to defend owed to additional insureds under New York law and are therefore improper.

The Town reserves all rights, including the right to commence a declaratory judgment action seeking defense and indemnity, recovery of past defense costs, and all other remedies available under law. The Town further reserves the right to report any improper disclaimer to the New York State Department of Financial Services.

Please acknowledge receipt of this tender and confirm acceptance of the Town's defense without delay.

Furthermore, the Town of Islip hereby demands that U.S. Underwriters produce a complete and certified copy of the full insurance policy, including all declarations, endorsements, applications, binders, certificates, schedules of events, and any amendments in effect for Policy No. SE 3001801. To date, the Town has not been provided with the full policy despite multiple tenders and correspondences. Full disclosure is necessary to evaluate the basis of the insurer's position and to ensure compliance with New York Insurance Law §3420 and all contractual obligations. Please provide the complete policy within ten (10) days of receipt of this letter.

Very truly yours,

William D. Wexler

WDW/cm
Encl.

cc:     Islip Town Attorney's Office
        By: Natalia Gandolfo, Assistant Town Attorney

Exhibit A – Summons and Verified Complaint
Exhibit B – Carnival Application
Exhibit C – Incident Action Plan
Exhibit D – ACORD Certificate
Exhibit E – February 12, 2024 Denial Letter
Exhibit F – November 6, 2025 Denial Letter

# Exhibit A

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
G.C., an Infant under the age of eighteen (18) years by
CHRYSTIE COTTONE, his mother and natural guardian,
and CHRYSTIE COTTONE, individually,

                                        Plaintiff,

-against-

THE SUFFOLK COUNTY POLICE DEPARTMENT,
COUNTY OF SUFFOLK, TOWN OF ISLIP, THE
HOLBROOK CHAMBER OF COMMERCE, INC.,
HOLBROOK COUNTRY CLUB, MICHAEL
AULIVOLA, TRISTAN CEVI, KRISTO CEVI, as parent
and natural guardian of TRISTAN CEVI, and individually,
and SHPRESA CEVI, as parent and natural guardian of
TRISTAN CEVI, and individually.

                                        Defendants.
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS
WITH NOTICE**

Plaintiff designates
Suffolk County
Place of trial

The basis of venue:
Plaintiff's residence

Plaintiff resides at:
East Islip, New York
COUNTY OF SUFFOLK

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the plaintiff at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: Huntington Station, NY
September 24, 2025

Yours,

By: Harrison A. Edwards, IV, Esq.
ZIMMERMAN LAW, P.C.
Attorneys for the Plaintiff
G.C., an Infant under the age of eighteen
(18) years by CHRYSTIE COTTONE, his
mother and natural guardian
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11747
Tel.: (631) 415-0900

Addresses for Defendants:
TOWN OF ISLIP: Town Hall, 655 Main Street, Islip, NY 11751

1

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

THE SUFFOLK COUNTY POLICE DEPARTMENT: 100 Vterans Memorial Highway, Hauppauge, NY 11788
COUNTY OF SUFFOLK: 100 Vterans Memorial Highway, Hauppauge, NY 11788
THE HOLBROOK CHAMBER OF COMMERCE: P.O. Box 565 Holbrook, New York 11741
HOLBROOK COUNTRY CLUB: Town Hall, 655 Main Street, Islip, NY 11751
MICHAEL AULIVOLA: 100 Vterans Memorial Highway, Hauppauge, NY 11788
TRISTAN CEVI: 393 Singingwood Drive, Holbrook, New York 11741
TRISTAN CEVI: 2239 85th Street, Apt A5, Brooklyn, New York, 11214
KRISTO CEVI: 393 Singingwood Drive, Holbrook, New York 11741
SHPRESA CEVI: 393 Singingwood Drive, Holbrook, New York 11741

### NOTICE:

The nature of this action is personal injury. The relief sought is monetary damages. Upon your failure to appear, judgment will be taken against you by default for the sum exceeding the jurisdictional limit of all lower courts, to be determined at an inquest for each cause of action plus interest, disbursements and the cost of this action.

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
G.C., an Infant under the age of eighteen (18) years       Index No.:
by CHRYSTIE COTTONE, his mother and natural
guardian, and CHRYSTIE COTTONE, individually,              **VERIFIED COMPLAINT**

                                              Plaintiff,

          -against-

THE SUFFOLK COUNTY POLICE DEPARTMENT,
COUNTY OF SUFFOLK, TOWN OF ISLIP, THE
HOLBROOK CHAMBER OF COMMERCE, INC.,
HOLBROOK COUNTRY CLUB, MICHAEL
AULIVOLA, TRISTAN CEVI, KRISTO CEVI, as parent
and natural guardian of TRISTAN CEVI, and individually,
and SHPRESA CEVI, as parent and natural guardian of
TRISTAN CEVI, and individually,

                                              Defendants,
-------------------------------------------------------------------X

        Plaintiffs, G.C. an Infant under the age of eighteen (18) years by CHRYSTIE

COTTONE, his mother and natural guardian, by their attorneys, ZIMMERMAN LAW, P.C.,

upon information and belief, complains of the Defendants herein as follows:

1. At all times relevant herein, the Infant Plaintiff, G.C., was an Infant under the age of

    eighteen (18) years and resides with Plaintiff CHRYSTIE COTTONE, his mother and

    natural Guardian, and they both were, and still are residents of the County of Suffolk,

    State of New York.

2. At all times relevant herein, Defendant, the Defendant COUNTY OF SUFFOLK was and

    still is a Municipal Corporation organized and existing under and by virtue of the laws of

    the State of New York.

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

3. At all times relevant herein, Defendant, THE SUFFOLK COUNTY POLICE DEPARTMENT was and still is a Police Department directly overseen and funded by the County of Suffolk and an integral part of the Suffolk County structure.

4. At all times relevant herein, Defendant, MICHAEL AULIVOLA was and still is a Police Officer employed by the Defendant THE SUFFOLK COUNTY POLICE DEPARTMENT.

5. At all times relevant herein, Defendant, TOWN OF ISLIP was and still is a Municipal Corporation organized and existing under and by virtue of the Laws of the State of New York.

6. At all times relevant herein, Defendant, HOLBROOK COUNTRY CLUB located at 700 Patchogue-Holbrook Road, Holbrook, New York 11741 was owned, operated, managed and/or overseen by the Defendant the TOWN OF ISLIP.

7. At all times relevant herein, Defendant, THE HOLBROOK CHAMBER OF COMMERCE, INC., was and still is, a not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York and maintains its main address at P.O. Box 565 Holbrook, New York 11741.

8. At all times relevant herein, Defendant, THE HOLBROOK CHAMBER OF COMMERCE, INC., is a for profit corporation organized and existing under and by virtue of the laws of the State of New York and maintains its main address at P.O. Box 565 Holbrook, New York 11741.

9. At all times relevant herein, Defendant, TRISTAN CEVI, was and still is a resident of the County of Suffolk and State of New York.

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

10. At all times relevant herein, Defendant, TRISTAN CEVI, was and still is a resident of the County of Kings and State of New York.

11. At all times relevant herein, Defendant, KRISTO CEVI, was and still is a resident of the County of Suffolk and State of New York.

12. At all time relevant herein, Defendant, SHPRESA CEVI, was and still is a resident of the County of Suffolk and the State of New York.

13. At all times relevant herein, Defendant, TRISTAN CEVI, was a minor under the age of eighteen (18) years and resided with his parents, Defendants, KRISTO CEVI and SHPRESA CEVI at the time of the incident.

14. That upon information and belief, as of the date of this Complaint Defendant TRISTAN CEVI is over the age of eighteen (18) years and under no legal, equitable or other disability.

15. That prior to the events complained of herein the Defendant HOLBROOK CHAMBER OF COMMERCE, INC., applied for and received permits from the Defendant TOWN OF ISLIP pursuant to Article 36 of the Islip Town Code entitled "Parades, Races and Assemblies."

16. That, pursuant to the Town of Islip's Town Code § 36-9 the Defendant THE CHAMBER OF COMMERCE, INC., submitted a written Application for a permit to conduct the 2023 Carnival (new and defining, "the Carnival").

17. That, the issuance of said permit required the Defendant, THE HOLBROOK CHAMBER OF COMMERCE, INC., to retain and maintain adequate security to ensure the safety of all participants and/or attendees.

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

18. On or about August 26, 2023 the Infant Plaintiff G.C.'s younger brother, an Infant under the age of eighteen (18), who is referred to herein as A.C., attended the Holbrook Chamber of Commerce, Inc., Carnival.

19. On or about August 26, 2023 parent and natural guardian of the infant plaintiff G.C., CHRYSTIE COTTONE, and her husband and father of the infant plaintiff G.C., together with Infant Plaintiff G.C. received a call that A.C. had been attacked at the fairgrounds.

20. That while the Infant Plaintiff's younger brother A.C. was lawfully and respectfully attending the Carnival, he was threatened and physically assaulted by the individual Infant Defendant T. C.

21. Upon receiving notice of the attack, CHRYSTIE COTTONE, her husband, and the Infant Plaintiff G.C. arrived at the Carnival.

22. That upon hearing of the threats and assaults made on both of her Infant children A.C., and G.C., the CHRYSTIE COTTONE sought out security personnel and police personnel to assist her in preventing further assaults on her children and maintain public order in order to protect the said Infants and other attendees at the said Carnival.

23. Defendant MICHAEL AULIVOLA was duly assigned by the Suffolk County Police Department to provide police security designed to protect specific class members to wit: attendees at the Carnival.

24. Plaintiff CHRYSTIE COTTONE specifically requested that Police Office MICHAEL AULIVOLA and/or other members of the Suffolk County Police Personnel assist her in ensuring the safety of her two infant children. This request included, if necessary, an escort from the Carnival grounds Plaintiff CHRYSTIE COTTONE and her two (2)

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

Infant children from the Carnival to her car, parking lot, off premises to ensure their safety.

25. Despite being specifically assigned to protect attendees from assault or criminal activities at the 2023, Holbrook Chamber of Commerce, Inc., Carnival, Defendant MICHAEL AULIVOLA rejected Plaintiff CHRYSTIE COTTONE's request for protection.

26. That, the reason why Suffolk County Police Officer MICHAEL AULIVOLA gave the Plaintiff CHRYSTIE COTTONE for his refusal to provide the specific security services or assistance was because he was completing his shift in a few minutes. Police Officer MICHAEL AULIVOLA told Plaintiff CHRYSTIE COTTONE that he would provide her with a report reflecting her request for assistance on Monday, August 28, 2023 when he returned to work.

27. That as a result, Plaintiff CHRYSTIE COTTONE and her Infant children attempted to leave the Carnival without the protection of Police and/or security protection that should have been provided by the SUFFOLK COUNTY POLICE DEPARTMENT, THE HOLBROOK CHAMBER OF COMMERCE or any other Security Company.

28. That while the plaintiff CHRYSTIE COTTONE and her Infant children G.C. and A.C. were leaving the grounds of the Carnival they were accosted by the Infant Defendant, T. C., who brutally stabbed the Infant Plaintiff G.C. multiple times causing severe and life-threatening injuries.

### AS AND FOR A FIRST CAUSE OF ACTION

29. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "24" as though same were more fully set forth at length herein.

7

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

30. That the Infant Plaintiffs injuries and subsequent damages were caused solely and wholly by the negligence of the Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, TOWN OF ISLIP, HOLBROOK COUNTY CLUB, HOLBROOK CHAMBER OF COMMERCE, INC., and MICHAEL AULIVOLA, in their failure to provide adequate security and negligently performing their duties to protect the Plaintiffs and other attendees at the said Carnival.

31. At all times relevant hereto, the Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, TOWN OF ISLIP, HOLBROOK COUNTY CLUB, HOLBROOK CHAMBER OF COMMERCE, INC., and MICHAEL AULIVOLA, owed a duty of care to the Infant Plaintiff G.C., his mother Chrystie Cottone, and his infant brother A.C., as well as other attendees of the Carnival, to maintain the premises in a reasonably safe condition and to provide adequate security and police protection to prevent foreseeable acts of violence.

## AS AND FOR A SECOND CAUSE AS AGAINST SUFFOLK COUNTY, THE SUFFOLK COUNTY POLICE DEPARTMENT AND POLICE OFFICER MICHAEL AULIVOLA

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "27" as though same were more fully set forth at length herein.

33. Defendants, COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT and Police Officer MICHAEL AULIVOLA were specifically assigned to the Carnival to provide specific security services to members of a specific class, to wit: attendees at the Carnival, and despite being specifically assigned to provide such services, negligently, carelessly, willfully or otherwise improperly refused the request of

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

the Plaintiff for assistance in order to prevent an assault upon the Infant Plaintiff G.C. by the Infant Defendant T. C.

34. Plaintiffs served a Notice of Claim upon the Municipal Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT and TOWN OF ISLIP.

35. That a copy of the said Notice of Claim served upon the above referenced Municipal Defendants is annexed hereto and made a part hereof as **Exhibit "A"**.

36. The following service of the said Notice of Claim Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT and TOWN OF ISLIP conducted an examination of the Infant Plaintiff G.C., on August 8, 2024, pursuant to Section 50-H of the General Municipal Law.

37. That since the conducting and completion of Plaintiff's examination pursuant to Section 50-H of the General Municipal Law, more than thirty-days (30) days have elapsed and Plaintiff's claims against the Municipal Defendants named herein remain unaddressed and the said Municipal Defendants and each of them have failed, refused and neglected to make any adjustments for same.

## AS AND FOR A SEPARATE CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANT TRISTAN CEVI

38. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "33" as though same were more fully set forth at length herein.

39. That the Infant Defendant, TRISTAN CEVI's conduct constitutes an assault and battery on the person of the Infant Plaintiff G.C.

9

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

40. Defendants breached their respective duties of care by failing to hire or retain sufficient security personnel, failing to supervise the conduct of individuals on the premises, failing to respond appropriately to reports of threats and violence, failing to intervene to prevent an escalation, and failing to ensure the safety of patrons, including the Infant Plaintiff.

41. Defendants were negligent in the hiring, training, supervising, and retaining of their employees, agents, and personnel, including but not limited to police officers and event security staff.

42. Defendants failed to ensure that their employees, agents, and personnel, including but not limited to police officers and event security staff were competent, properly trained, responsive to foreseeable risks, and capable of providing necessary protection to attendees, including infant Plaintiff.

43. The violent assault upon Infant Plaintiff G.C. by the Infant Defendant TRISTAN CEVI was a foreseeable consequence of the Defendants' failure to provide adequate supervision, intervention, and security, particularly since the Infant Plaintiff's mother advised Defendants of the violence already perpetrated against her son, the Infant Plaintiff.

## AS AND FOR A SEPARATE CAUSE OF ACTION AGAINST DEFENDANTS, KRISTO CEVI AND SHPRESA CEVI, AS PARENTS AND NATURAL GUARDIANS OF DEFENDANT TRISTAN CEVI, AND INDIVIDUALLY

44. The Plaintiffs repeat, reiterate and re-alleges each and every allegation contained in paragraphs "1" through "43" as though same were more fully set forth at length herein.

10

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

45. At all times relevant herein, Defendants KRISTO CEVI and SHPRESA CEVI were the parents and natural guardians of Defendant TRISTAN CEVI, who at the time of the occurrence was a minor residing in their household.

46. That upon information and belief, Defendants KRISTO CEVI and SHPRESA CEVI knew or should have known the Defendant TRISTAN CEVI had dangerous, violent, and assaultive propensities, and that he had previously exhibited aggressive, reckless, and violent conduct towards others.

47. That upon information and belief, prior to the date of the occurrence, Defendants KRISTO CEVI and SHPRESA CEVI knew that Defendant TRISTAN CEVI intended to attend the Carnival with the specific purpose of threatening and/or assaulting others.

48. At all times relevant herein, Defendants KRISTO CEVI and SHPRESA CEVI failed to take any reasonable steps to prevent Defendant TRISTAN CEVI from threatening and/or assaulting others.

49. Defendants, KRISTO CEVI and SHPRESA CEVI, despite such knowledge, negligently and carelessly permitted, encouraged, and allowed Defendant TRISTAN CEVI to attend the Carnival, unsupervised, and unchecked, thereby creating an unreasonable risk of harm to other attendees, including Infant Plaintiff.

50. At all times relevant herein Defendants, KRISTO CEVI and SHPRESA CEVI, further negligently entrusted Defendant TRISTAN CEVI with access to dangerous instruments, including but not limited to the knife or other weapon used in the attack, despite knowing of his violent tendencies and intent to cause harm.

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM
NYSCEF DOC. NO. 1

INDEX NO. 626033/2025
RECEIVED NYSCEF: 09/30/2025

51. The foregoing acts and omissions by Defendants KRISTO CEVI and SHPRESA CEVI constitute negligent entrustment, negligent supervision, and direct negligence, and were a substantial factor in causing the brutal assault upon Infant Plaintiff and his resulting injuries.

52. By reason of the foregoing, Plaintiffs have sustained serious and permanent damages, and Defendants KRISTO CEVI and SHPRESA CEVI are liable individually and jointly with Defendant TRISTAN CEVI.

## AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF PLAINTIFF CHRYSTIE COTTONE, INDIVIDUALLY

53. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "52" as though same were more fully set forth at length herein.

54. Plaintiff, CHRYSTIE COTTONE, is the mother and natural guardian of Infant Plaintiff G.C and Infant A.C.

55. That as a direct and proximate result of the assault and severe injuries inflicted upon her infant son, the Plaintiff, CHRYSTIE COTTONE has been and continues to be deprived of the society, companionship, services and comfort of her said infant son.

56. That the Plaintiff, CHRYSTIE COTTONE has been and will in the future be required to render and provide extraordinary care, attention and services for her infant son during the course of his disability, recovery and medical treatment, thereby sustaining a loss of her son's services and incurring additional burdens and responsibilities.

57. That the Plaintiff, CHRYSTIE COTTONE was present at the subject Carnival and personally observed and experienced the immediate aftermath of the brutal assault upon her infant sons, whereby she has sustained and continues to sustain severe mental anguish, emotional distress and psychological trauma.

12

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

58. As a further direct and proximate result of the negligence, carelessness and recklessness of the Defendants herein, the Plaintiff CHRYSTIE COTTONE has endured, and will continue to endure fear, anxiety and emotional impact.

59. By reason of the foregoing, the Plaintiff CHRYSTIE COTTONE, individually, has sustained damages for loss of services, society and companionship of her infant son, together with damages for mental anguish, emotional distress and psychological injury, all in an amount to be determined by the trier of fact.

60. The negligent acts and omissions of the Defendants were a direct and proximate cause of the injuries sustained by the Infant Plaintiff, and the resulting pain, suffering, medical expenses, and future damages.

61. As a result of the aforementioned negligence and assault of the Defendants and each of them, the Infant Plaintiff G.C. has been rendered sick, sore, lame and disabled and is entitled to a monetary reward to justly compensate him for serious and permanent injuries sustained by virtue of the negligence of the conduct of the above-named Defendants.

62. By reason of the foregoing the Infant Plaintiff G.C. has been damaged in an amount which exceeds the jurisdictional limit of all lower courts, which might otherwise have jurisdiction over this matter.

WHEREFORE, the Plaintiff, G.C and Infant under the age of eighteen (18) years by Plaintiff CHRYSTIE COTTONE his mother and natural guardian, and, CHRYSTIE COTTONE, individually, demands judgment on each cause of action alleged herein against the Defendants and each of them, in an amount to be determined by the trier of fact for conscious pain, suffering, future pain and suffering, special damages and other similar

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

damages; together with such other further and different relief as may be just and proper.

Dated: Huntington Station, New York

September 24, 2025

Yours, etc.

HARRISON J. EDWARDS, IV, ESQ.
ZIMMERMAN LAW, P.C.
Attorneys for Plaintiff
G.C., an Infant under the age of eighteen (18) years
by CHRYSTIE COTTONE, his mother and natural
guardian, and CHRYSTIE COTTONE,
individually
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11746
(631) 415-0900

14

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

INDEX NO. 626033/2025

RECEIVED NYSCEF: 09/30/2025

## VERIFICATION

I, CHRYSTIE COTTONE mother and natural Guardian of infant Plaintiff G.C an Infant under the age of eighteen (18) years., and individually, being sworn deposes and says: I am one of the Plaintiffs in the within action and have read the foregoing Verified Complaint and state that the foregoing is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

I affirm this 24 day of SEPTEMBER , 20 25 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: Huntington Station, New York
        September 24 , 2025

Chrystie Cottone
CHRYSTIE COTTONE

15

FILED: SUFFOLK COUNTY CLERK 09/30/2025 09:59 AM

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 09/30/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
G.C., an Infant under the age of eighteen (18) years by CHRYSTIE COTTONE, his mother and natural guardian, and, CHRYSTIE COTTONE, individaully,

Plaintiffs,

-against-

THE SUFFOLK COUNTY POLICE DEPARTMENT, COUNTY OF SUFFOLK, TOWN OF ISLIP, THE HOLBROOK CHAMBER OF COMMERCE, INC., HOLBROOK COUNTRY CLUB, MICHAEL AULIVOLA, TRISTAN CEVI, KRISTO CEVI, as parent and natural guardian of TRISTAN CEVI, and individually, and SHPRESA CEVI, as parent and natural guardian of TRISTAN CEVI, and individually,

Defendants.
-------------------------------------------------------------------------X

## SUMMONS WITH NOTICE AND VERIFIED COMPLAINT

Yours, etc.,
ZIMMERMAN LAW, P.C.
*Attorneys for Plaintiff*
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11746
(631) 415-0900

**CERTIFICATION BY ATTORNEY:**

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows: I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstances, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in subsection (c) of section 130-1.1.

Dated: September 24, 2025

Harrison W. Edwards, IV, Esq

16

# Exhibit B



**TOWN OF ISLIP**
Office of the Town Clerk

RECEIVED
TOWN OF ISLIP

JUN 3 0 2023

TOWN CLERK'S OFFICE

**Olga H. Murray**
Town Clerk & Registrar
of Vital Statistics

· **APPLICATION FEE** (Non-Refundable)
· **Carnival/Circus:** $500.00 **Fair:** $400.00

**Outdoor Show:** $400.00

## CARNIVALS, CIRCUSES & OUTDOOR SHOWS APPLICATION

**\*\*\*\* · MUST BE SUBMITTED 45 DAYS PRIOR TO THE EVENT\*\*\*\***

\*IF ATTENDANCE IS IN EXCESS OF 1,000 PEOPLE, APPLICATION MUST BE SUBMITTED 60 DAYS PRIOR TO EVENT\*

Date of Application: 5/16/2023          Date(s) of Event: August 24 through August 27, 2023

Exact Name of Organization: Holbrook Chamber of Commerce

Organization Address P.O. Box 565, Holbrook, NY 11741

Organization Telephone #: 631-471-2725          Organization Email: admin@holbrookchamber.com

Purpose of Amusements & Disposition of Proceeds: 4-day Carnival, 8/26 Fireworks Show
Community Event & Chamber Fundraiser          8/26

Name & Telephone # of person on-site to contact on date(s) of event: Bea Hoffer, 631-645-4107

Carnival Operator Information: Name: Sean Booker/Sean Wolert  Telephone Number #: 516-708-3056/516-423-9860

Address: S&S Amusements, 201B Freeman Ave, Islip NY 11751

Full Description of Amusement Activities: Adult's & Children's Rides & Games

Anticipated Attendance: 600-800 per day          Number of Rides; Adult: 12      Children: 8

Day(s) & Hours of Operation: Th 6-9pm, Fri 6-9pm, Sat 2-11pm, Sun 2-9pm

Is this event a New Event? No          If not, please specify the prior date: August 2022

Location of Event: Holbrook Country Club          Location of Rides (Booth Business) on the Field

SUPPLY GOOGLE (Street View) MAP OF THE SITE. (MARK EMERGENCY INGRESS AND EGRESS).

Actual Street Address: 700 Patchogue-Holbrook Rd., Holbrook  Popular Name of Location if Applicable: Holbrook Country Club

Staging Area: N/A          Street Address of Staging Area: N/A

Staging Beginning and end Time: N/A

**APPLICANTS ARE RESPONSIBLE FOR NOTIFYING LOCAL RESIDENTS AND MOTORISTS OF ANY ROAD CLOSINGS. SUCH NOTICE MUST INCLUDE ALTERNATE ROUTES FOR EMERGENCY VEHICLES.**

Specify whether any arrangements have been made for private policing/security (is SCPD required for assistance?) YES

~ify if the Suffolk County Police Department is needed for road closures: Yes ____ No X

hether barricades will be needed:   Yes: X   No: ____          If Yes, how many? 25

ere be any alcohol served at the event? YES



**TOWN OF ISLIP**
Office of the Town Clerk

Olga H. Murray
Town Clerk & Registrar
of Vital Statistics

Name **two** organization representatives & positions:

1.  Name: Rick Ammirati _____ Position: Chamber President _____
    Home Address: 29 Commodore Circle, Port Jefferson Station, NY  117 _____
    Home Telephone #: 631-476-7197 Business Telephone #: 631- 471-2725 Cell # 516-318-9555

2.  Name: Bea Hoffer _____ Position: Director _____
    Home Address: 95 Cannon Drive, Holbrook, NY 11741 _____
    Home Telephone #: 631-589-9270 Business Telephone #: _____ Cell # 631-645-4107

_____ DIRECTOR
Signature & Title of Representative # 1 _____ Signature & Title of Representative # 2

*** *[Carnival/ Street Fair/ Festival/Outdoor Shows] must follow all applicable State and Local guidelines for large outdoor events, and any other guidance pertinent to [carnivals/ street fairs/ festivals.] in effect on the date of event. It is the sole responsibility of the permit applicant, as the designated Responsible Party, to ensure the event is in compliance with all applicable New York State and Local COVID-19 guidance, rules and regulations regarding outdoor events.* ****

Rev. 2021



**TOWN OF ISLIP**
Office of the Town Clerk

**Olga H. Murray**
Town Clerk & Registrar of Vital Statistics

Please contact the following Departments and have them sign that they received a copy of the application and the Incident Action Plan and will review it.

**Suffolk County Police Department (Precinct in which event is being held):**

_Robert S Coffman Capt/500 ROBERT S. COFFMAN   6/27/23_
Signature of Inspector/ Dep. Inspector/ Captain                Date

**Fire Department in which event is being held:**

_[signature]_                              _6/29/2023_
Signature of Chief of Department              Date

**Emergency Medical Services in which the event is being held:**

_[signature]_                              _6/29/2023_
Signature of Chief of Department              Date

---

I, _RicK Ammirati_ solemnly swear that all the above are true and correct, and unconditionally guarantee the quiet, lawful and peaceful conduct of the Carnival, Circus or Outdoor Show for which this permit is sought.

_[signature]  President_            _6·30·2023_
Signature and Title                    Date

**ALL EVENTS MUST FOLLOW TOWN CODE**
Please Note: If food will be served, contact the Suffolk County Dept. of Health Services at 631-854-0410.

# Exhibit C

# Exhibit D



# TOWN OF ISLIP
## OFFICE OF EMERGENCY MANAGEMENT

**Incident Action Plan**

Title of Event: Annual Holbrook Chamber of Commerce Carnival & Festival    Date of Event: August 24 through 27, 2023

The purpose of this Incident Action Plan (IAP) is to identify and mitigate any potential risks associated with the planning, implementation and successful completion of the above referenced event. The parties that are planning and coordinating this event are committed to ensuring that all participants, sponsors, community members and emergency personnel are able to partake in the event in a safe and organized manner. The procedural information contained herein will be strictly adhered to.

Event Description: Rides, Games, Refreshments & Entertainment

Hours of Event: Thurs 8/24 & Fri 8/25 6-9pm, Sat 8/26 2-11pm, Sun 8/27 2-9pm

Location: Holbrook County Club, 700 Patchogue-Holbrook Rd., Holbrook, NY 11741

Command Post Location: Chamber of Commerce Tent

Incident Commander (on scene person in charge of event): Rick Ammirati

Incident Commander's Phone Number: 516-318-9555

### Medical Emergencies Procedure

All medical emergencies will be reported to the Command Post by use of cell phone, or by verbal means. The Incident Commander will call directly to the EMTs _____ and report the incident/ problem. The EMT(s) will report to the Command Post, as appropriate, when entering the event and notify the Command Post when leaving the event. Responding emergency units will enter the event from Main Street _____ (street). The Incident Commander will make sure an area is open to allow EMS personnel, vehicles and equipment access to the event grounds wherever emergency assistance is needed. The nearest hospital for receiving patients is LI Hospital _____.

### Police Emergencies

For all police emergencies, 911 will be called. Police enforcement will be provided by the 5th Precinct _____ Precinct.

### Lost Child Procedure: Police will be notified.

In the event of a lost child, he/she should be taken to the Command Post. The child, if able, will be asked to provide parent/ guardian information. Lost child announcements will be made from Chamber _____, informing the crowd of the situation. The child will remain under the supervision of the Command Post who will ensure the child is comfortable and safe until his/her parent/guardian arrives. Police should be present to check identification of adult claiming to be the parent/guardian before release.

Communication Plan (List how Incident Commander & coordinators will communicate): _Via cell phone & or on site in person_

**Important Phone Numbers: (**Fill In Name, Providing Agency & Contact Number**)**

Incident Commander (On scene): Rick Ammirati, Holbrook Chamber, 516-318-9555

Deputy Commander (On scene): _Fred Coste, Holbrook Chamber, 631-523-5407_

Event Coordinator/Planner: Bea Hoffer, 631-645-4107

Emergency Medical Services: Holbrook Fire Department

Chief/contact person: ~~Christian Heinsson~~ _DAVID MONTHIE_

Fire Department: Holbrook Fire Department

Chief/contact person: ~~Christian Heinsson~~ _DAVID MONTHIE_



**ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)** 05/16/2023

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | CONTACT NAME: | Janet Taormina | | |
|---|---|---|---|---|---|
| The Coste Agency, Inc. 1000 Main Street P.O. Box 70 Holbrook, NY 11741 | | PHONE (A/C, No, Ext): (631)588-2116 | | FAX (A/C, No): (631)588-2147 | |
| | | E-MAIL ADDRESS: janet@costeagency.com | | | |
| | | INSURER(S) AFFORDING COVERAGE | | | NAIC # |
| | | INSURER A: U.S. Underwriters Insurance Company | | | |
| INSURED | | INSURER B: | | | |
| Holbrook Chamber of Commerce c/o Fred Coste P O Box 565 Holbrook, NY 11741 | | INSURER C: | | | |
| | | INSURER D: | | | |
| | | INSURER E: | | | |
| | | INSURER F: | | | |

**COVERAGES          CERTIFICATE NUMBER: 00001001-464315          REVISION NUMBER: 15**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | | |
|---|---|---|---|---|---|---|---|---|---|---|
| A | X | COMMERCIAL GENERAL LIABILITY | Y | | SE3001801 | 05/29/2023 | 12/09/2023 | EACH OCCURRENCE | $ | 1,000,000 |
| | | CLAIMS-MADE [X] OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ | 100,000 |
| | | | | | | | | MED EXP (Any one person) | $ | 1,000 |
| | | | | | | | | PERSONAL & ADV INJURY | $ | 1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ | 2,000,000 |
| | X | POLICY [ ] PRO-JECT [ ] LOC | | | | | | PRODUCTS - COMP/OP AGG | $ | |
| | | OTHER: | | | | | | | $ | |
| | | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ | |
| | | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ | |
| | | OWNED AUTOS ONLY [ ] SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ | |
| | | HIRED AUTOS ONLY [ ] NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ | |
| | | | | | | | | | $ | |
| | | UMBRELLA LIAB [ ] OCCUR | | | | | | EACH OCCURRENCE | $ | |
| | | EXCESS LIAB [ ] CLAIMS-MADE | | | | | | AGGREGATE | $ | |
| | | DED [ ] RETENTION $ | | | | | | | $ | |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | PER STATUTE [ ] / OTHER [ ] | | |
| | | | | | | | | E.L. EACH ACCIDENT | $ | |
| | | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ | |
| | | | | | | | | E.L. DISEASE - POLICY LIMIT | $ | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Town of Islip and its board members, officers, employees, servants, and agents are additional insureds on a primary basis with respect to General Liability, as their interest may appear.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Town of Islip 655 Main St Islip, NY 11751 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE *(signature)* (JT1) |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD          Printed by JT1 on 05/16/2023 at 03:33PM

Town of Islip
Affirmation of Insurance Coverage

### 1) General Liability

| YES | NO | |
|-----|-----|---|
| | ☒ | Is the carrier an Authorized Insurer (Admitted) in the State of New York |
| ☒ | | Does the policy provide coverage to the additional insured for liability arising out of the ongoing operations of the named insured? |
| | ☒ | Does the policy provide coverage to the additional insured for liability arising out of the completed operations of the named insured? |
| ☒ | | Is a Waiver of Subrogation endorsement in favor of all Additional Insureds included in the policy? |
| | ☒ | Is Primary and Non-Contributory Additional Insured wording included in the policy? |

Construction Specific Questions ( Check N/A/ If Not Applicable)    *N/A*  N/A

| YES | NO | |
|-----|-----|---|
| | | Do the policy limits apply on a "per project" basis? |
| | | Does a policy aggregate limit apply which limits the "per project" aggregate limit? |
| | | What is the policy aggregate limit? |
| | | Is there any endorsement or amendment to the ISO CGL form that modifies the policy's employee exclusion and/or the definition of insured contract, or in any other manner excludes coverage or risk transfer with respect to Labor Law 240/241? |

### 2) Workers Compensation  *N/A*

| YES | NO | |
|-----|-----|---|
| | | Is Workers' Compensation coverage included for employees working in the State of New York? |
| | | Is a Waiver of Subrogation endorsement in favor of all Additional Insureds included in the policy? |
| | | Does the Waiver of Subrogation endorsement require privity of contract between the Named Insured and third parties? |

### 3) Umbrella / Excess Liability                                    If Not Applicable Check N/A    *N/A*  N/A

| YES | NO | |
|-----|-----|---|
| | | Is the carrier an Authorized Insurer (Admitted) in the State of New York? |
| | | Does the policy follow form of the General Liability policy? |
| | | Is Additional Insured coverage included? |
| | | Is a Waiver of Subrogation endorsement in favor of all Additional Insureds included in the policy? |
| | | Is Primary and Non-Contributory Additional Insured wording included in the policy? |

Construction Specific Questions ( Check N/A/ If Not Applicable)    *N/A*  N/A

| YES | NO | |
|-----|-----|---|
| | | Do the policy limits apply on a "per project" basis? |
| | | Does a policy aggregate limit apply which limits the "per project" aggregate limit? |
| | | What is the policy aggregate limit? |
| | | Is there any endorsement or amendment to the ISO CGL form that modifies the policy's employee exclusion and/or the definition of insured contract, or in any other manner excludes coverage or risk transfer with respect to Labor Law 240/241? |

The Following Items Must Be Included For Review

| | |
|---|---|
| ☒ | Current Valid Certificate of Insurance |
| ☒ | Signed Broker Certification Form (Attached Page 2) |



Town of Islip
Certification By Insurance Broker

| Insured: | Holbrook Chamber of Commerce |
|---|---|
| Address: | See completed certificate |
| Phone #: | |

| Certificate Holder: | Town of Islip |
|---|---|
| Address: | See completed certificate |

The undersigned insurance broker or agent represents to the Town of Islip that the attached Certificate of Insurance is materially accurate to the best of the broker/agent's knowledge and belief; however this certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not affirmatively or negatively amend, extend or alter the coverage afforded by the policies described herein. The certificate of insurance does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder. All information as included on the ACORD form 25 applies to this "Certification by Broker or Agent."

Name of Broker:    The Coste Agency, Inc.

Address of Broker:    1000 Main Street, P.O. Box 70

Holbrook, New York 11741

Phone #    631-588-2116

Email Address:    fred@costeagency.com

_Fred Coste, President_
[Name and Title of authorized official, broker, agent]

[Signature of authorized official, broker, agent]

State of _New York_ )

County of _Suffolk_ )

Sworn to before me this _16th_ day of _May_ 20_13_

NOTARY PUBLIC FOR THIS STATE OF _____

FRED SPIES
Notary Public, State of New York
1.2 0181 63
Qualified in Suffolk County
Commission Expires November 30, 20_26_

# Exhibit E

NG



February 12, 2024

**REGULAR AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

FEB 2 2 2024

**HOLBROOK CHAMBER OF COMMERCE
PO BOX 70
HOLBROOK, NY 11741**

RE:   *Guiseppe Cattone, an infant under the age of eighteen by Chrystie Cattone, his mother
and natural Guardian v. Town of Islip, County of Suffolk, New York*

|  |  |
|---|---|
| Claim Number: | 0-35644 |
| Policyholder: | Holbrook Chamber of Commerce |
| Policy: | SE 3001801 |
| Policy Effective: | 5/29/2023-12/9/2023 |
| Issuing Company: | U.S. Underwriters Insurance Company |

Dear Policyholder:

U.S. Underwriters Insurance Company (the "Company") has received notice of the above-captioned Notice of Claim for the alleged negligent failure to ensure the premises owned by the Town of Islip at 700 Patchogue-Holbrook Rd., Holbrook, NY 11772 during the Holbrook Chamber of Commerce Carnival on Saturday, August 26, 2023. It is alleged that at approximately 10:40 pm on August 26, 2023 while attending the carnival, Guiseppe Cattone, was seriously injured when criminally assaulted by Tristan Ceevy and stabbed multiple times in the torso. At this time there are no known claims or allegations being asserted against Holbrook Chamber of Commerce. The Islip Town Attorney has tendered this matter under the above-referenced policy seeking defense and indemnification for Town of Islip as an additional insured.

The Company issue a commercial general liability policy of insurance, SE 3001801 (the "Policy") to Holbrook Chamber of Commerce (the "Policyholder"). As previously advised and is explained in more detail below, the Policy does not provide coverage, indemnity or defense, for this matter. Throughout this correspondence I will quote certain policy provisions pertinent to the Company's coverage analysis. Please refer to the Policy, as the language of all policy terms, conditions, exclusions and endorsements set forth in the Policy are determinative of the existence of coverage.

Please refer to policy form **L 820 (12/18) Special Events Blanket Additional Insured Endorsement** states the following:

> **Section II – Who Is An Insured** of the **Commercial General Liability Coverage Form** is amended to include as an insured any person(s) or organization(s) who you are required to add as an additional insured to this policy under written contract(s), written permit(s) or written agreement(s). Such person(s) or organization(s) is an insured only

BERKSHIRE HATHAWAY COMPANIES

1190 DEVON PARK DRIVE • P.O. BOX 6700 • WAYNE, PA 19087 • 610-688-2535 • 888-523-5545 • FAX 610-688-4391

United States Liability Insurance Company • Mount Vernon Fire Insurance Company • U.S. Underwriters Insurance Company
Mount Vernon Specialty Insurance Co. • Radnor Specialty Insurance Co.

USLI.COM • DEVONPARKSPECIALTY.COM

with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" occurring after the effective date of such written contract(s), written permit(s) or written agreement(s) that is caused, in whole or in part by:

1. Your negligent acts or omissions; or

2. The negligent acts or omissions of those acting on your behalf in the performance of your duties under such written contract(s), written permit(s) or written agreement(s)

**Exclusions under Coverage A, Bodily Injury and Property Damage Liability, Coverage B. Personal and Advertising Injury Liability; and Coverage C. Medical Payments** are amended to add the following:

We will not pay for loss or expense, including but not limited to the cost of defense for "bodily injury", "property damage" or "personal and advertising injury" occurring:

(1) After all of "your work", including labor, materials, parts or equipment furnished in connection with "your work" and performed under the above referenced written contract(s), written permit(s) or written agreement(s) has ended; or

(2) When that portion of "your work" out of which the "bodily injury", "property damage" or "personal and advertising injury" arises and performed under the above referenced written contract(s), written permit(s) or written agreement(s) has been put to its intended use by any person(s) or organization(s);

whichever occurs first.

Coverage is not provided for "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from the sole negligence of an additional insured under this endorsement.

Coverage provided by this endorsement will be excess over any insurance available to any additional insured under this endorsement unless a written contract(s), written permit(s) or written agreement(s) specifically requires that coverage under this endorsement is primary.

. . .

The above-cited language states that any person(s) or organization(s) for whom the Policyholder is required to add as an additional insured to this Policy under written contract(s), written permit(s) or written agreement(s) is an additional insured but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" that occurs after the effective date of that contract and is caused in whole or in part by the Policyholder's negligent acts or omissions or the negligent acts or omissions of those working on behalf of the Policyholder in the performance of the Policyholder's duties under that contract.

The Company has not received any documentation to show that the Policyholder is required to add Town of Islip as an additional insured to this Policy under written contract(s), written

2

permit(s) or written agreement(s) and are therefore unable to confirm whether or not Town of Islip would be entitled to coverage pursuant to policy form L820. Even if such a written contract(s), written permit(s) or written agreement(s) exists, the coverage provided to the additional insured is specifically limited to liability for "bodily injury", "property damage" or "personal and advertising injury" that is caused in whole or in part by the Policyholder's negligent acts or omissions or the negligent acts or omissions of those working on behalf of the Policyholder in the performance of the Policyholder's duties under that contract. At this time, there are no allegations that the Policyholder's negligent acts or omissions contributed in any way to the alleged injuries. Therefore, any coverage available under policy form L820 to any potential additional insured does not extend to the allegations set forth in the Notice of Claim. Coverage is further specifically excluded as to the Town of Islip because the allegations set forth in the Notice of Claim are for Town of Islip's sole negligence. Lastly, any coverage available to an additional insured is excess of any other insurance available to that additional insured.

For these reasons, Town of Islip is not an additional insured for this matter and there is no coverage, indemnity or defense, available to Town of Islip for this matter.

Additionally, as to the Policyholder and any other party that may qualify as an insured or additional insured, the Policy does not provide coverage and no defense will be provided as to any insured or additional insured.

Please refer to the **CG0001 (12/07) COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, which states the following:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1.  **Insuring Agreement**
    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result...
    b.  This insurance applies to "bodily injury" and "property damage" only if:
        (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        (2)  The "bodily injury" or "property damage" occurs during the policy period...

The use of quotation marks indicates that the term is defined in the Policy. Please refer to **SECTION V – DEFINITIONS** of the same form and note the following relevant definitions:

3

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

17. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it...

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent

Policy form **L610NY 01/07 EXPANDED DEFINITION OF BODILY INJURY – NEW YORK**, provides the following definition:

"Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death of a person that results. "Bodily injury" also means mental injury, mental anguish, humiliation, or shock that results from the emotional and psychological incidents that are otherwise covered by the policy regardless of whether or not the emotional distress was accompanied by physical contact.

Please also refer to **CG 21 44 07 98 LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**, which states the following:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

Premises:
Project:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

4

1.   The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.   The project shown in the Schedule.

Policy form **SOE 03/10 EXTENSION OF DECLARATIONS**, which includes the following:

### EXTENSION OF DECLARATIONS

Regardless of the dates shown on the Declarations, this insurance applies only for the location(s), event(s) and date(s) specified in this Extension of Declarations.

**Policy No. SE 3001801**

#### SCHEDULE OF EVENTS

| Event | Start Date | End Date |
|---|---|---|
| Parade (applicant is the host of the event) | 05/29/2023 | 05/29/2023 |

Location(s):
1056 Main St, Holbrook, NY 11741

| Event | Start Date | End Date |
|---|---|---|
| Festival (applicant is the host of the event) | 08/24/2023 | 08/27/2023 |

Location(s):
700 Patchogue-holbrook Road, Holbrook, NY 11741

| Event | Start Date | End Date |
|---|---|---|
| Party / Social Event - Christmas / Hanukkah Party (applicant is the host of the event) | 12/02/2023 | 12/02/2023 |

Location(s):
941 Main Street, Holbrook, NY 11741

| Event | Start Date | End Date |
|---|---|---|
| Party / Social Event - Christmas / Hanukkah Party (applicant is the host of the event) | 12/07/2023 | 12/07/2023 |

Location(s):
1000 Main Street, Holbrook, NY 11741

The above-cited Insuring Agreement states that coverage may apply when an insured becomes legally obligated to pay damages for an "occurrence" that results in "bodily injury" or "property damage" during the policy period. It further states that the Company has a duty to defend against "suits" seeking such damages and there is no duty to defend against any "suit" seeking damages to which this insurance does not apply. The above-cited definitions qualify what is meant when those terms are used in the Policy. Policy form **CG2144** states that the Policy only provides coverage for "bodily injury" or medical expenses arising out of the ownership, maintenance or use of the scheduled premises or the scheduled project. Since no premises or project is shown in the form itself, coverage is limited to the premises shown on the Declarations. The relevant premises listed on the Declarations is 700 Patchogue-holbrook Road, Holbrook, NY 11741. Additionally, pursuant to the Extension of Declarations, the insurance only applies for the scheduled locations, events, and dates specified. Accordingly, the insurance provided by the

5

Policy is limited to the Festival hosted by the Policyholder that took place at 700 Patchogue-holbrook Road, Holbrook, NY 11741 on August 24, 2023 through August 27, 2023.

First, as discussed above, this matter does not currently involve an insured. Therefore, this matter is outside the coverage provided by the Policy. Second, regardless of whether or not this matter involves an insured or an "occurrence" that resulted in "bodily injury" or "property damage" during the policy period that arose out of the ownership, maintenance or use of the scheduled premises or whether or not the alleged injuries were sustained at the scheduled location, event, and on the date specified, coverage is otherwise specifically excluded. Pursuant to the Insuring Agreement, the Company has no duty to defend against any "suit" seeking damages to which this insurance does not apply. Accordingly, the Company has no duty to defend because the insurance does not apply.

Please also refer to L 461 04/15 **ABSOLUTE ASSAULT OR BATTERY EXCLUSION** which is a part of the Policy and reads as follows:

This insurance does not apply to:

Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:

a. hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or

b. investigation or reporting any "assault" or "battery" to the proper authorities; or

c. the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or

d. any acts or omissions of any insured, its "employees", agents, officers, directors, patrons or other persons resulting from any "assault" or battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.

6

This exclusion supersedes any provision in the attached policy that provides coverage for "bodily injury" arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the use of reasonable force to protect person(s) or property.

"Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature. "Battery" means negligent or intentional physical contact with another without consent that results in physical or emotional injury.

The above-cited exclusion states that the Policy does not provide coverage for any claim, demand or "suit" based upon any actual or alleged "assault" or "battery" and further states that there is no coverage for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery" and that the exclusion applies to all "bodily injury" sustained by any person, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible or the failure to protect any person while that person was in the care, custody or control of the insured or its "employees"; or any acts or omissions of any insured, its "employees", patrons or other persons resulting from any "assault" or battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury" to any person. The form includes definitions of the terms "assault" and "battery" to qualify what is meant when those terms are used in the Policy. Since this matter involves an incident that qualifies as an "assault" and/or "battery" as defined, coverage is precluded pursuant to the above-cited exclusion as to any and each insured.

Additionally medical payments related to the alleged injuries are excluded. **COVERAGE C MEDICAL PAYMENTS** of the **CG00 01 12 07 Commercial General Liability** Coverage Form states, in pertinent part, as follows:

    **.1.**    **Insuring Agreement**

        a.    We will pay medical expenses as described below for "bodily injury" caused by an accident:

            (1)    On premises you own or rent;

            (2)    On ways next to premises you own or rent; or

            (3)    Because of your operations;

            provided that:

                (a)    The accident takes place in the "coverage territory" and during the policy period;

7

      (b)      The expenses are incurred and reported to us within one year of the date of the accident; and

      (c)      The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

...

2.    **Exclusions**

We will not pay expenses for "bodily injury":

...

g.  **Coverage A Exclusions**

Excluded under Coverage A.

The above-cited language explains when Coverage C Medical Payments is triggered so long as an exclusion does not apply. As set forth in Exclusion g. Coverage A Exclusions, however, all expenses for "bodily injury" that are excluded under Coverage A also are excluded under Coverage C. Therefore, because the alleged injuries are barred from coverage under Coverage A pursuant to policy form **L 461 12/11 ASSAULT OR BATTERY EXCLUSION** there also is no coverage under Coverage C for any medical payments associated with the alleged injuries. Accordingly, the Policy does not provide medical payments coverage for this matter.

We also refer you back to policy form **CG0001 (12/07) COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, which includes the following relevant language:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

...

2.    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

8

(1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)   Authorize us to obtain records and other information;

(3)   Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

The above-cited language explains what the Policyholder's duties are in the event of a claim or "suit". As a reminder, although we are on notice of this claim, the above-cited conditions require that the Policyholder cooperate with the Company's investigation and immediately send us copies of any letters, emails, correspondence, demands, notices, summonses or legal papers, received in connection with the claim or suit. Failure to do so may jeopardize coverage under the Policy.

For all the reasons explained above, the Policy does not provide coverage to any insured regarding this matter and since the insurance does not apply and there is no potential for coverage for the allegations set forth in the Notice of Claim, the Company has no duty to provide a defense. This determination is based upon all information available to me at this time. If you have additional information or legal authority that you believe may affect the Company's position regarding coverage for this claim, or you obtain such information or authority in the future, I would be happy to review the same at any time. There may be other reasons for which coverage does not exist for this matter, and the failure to enumerate each and every potential ground for a coverage denial does not mean that the Company has waived any rights under the Policy. The Company's position may be subject to change if additional facts and legal theories are developed and we reserve all of our rights under the Policy. We recommend that you notify any other insurance carriers that may possibly afford coverage for this claim as soon as possible. If you have questions or disagree with the decision communicated in this letter, please contact me via email at mconnor@usli.com or by phone at 800-523-5545 x2479.

Regards,

Maureen Connor JD, AIC, CPCU, SCLA
Assistant Vice President
Senior Coverage Specialist

9

C:     The Coste Agency, Inc.
1000 Main Street
P.O. Box 70
Holbrook, NY 11741

Constantino & Constantino LLP
632 Montauk Highway
Copiague, NY 11726

Islip Town Attorneys Office
655 Main Street
Islip, NY 11751

10

USLI
1190 Devon Park Dr
Wayne PA 19087



USPS CERTIFIED MAIL

9214 8901 9403 8348 4308 37

ISLIP TOWN ATTORNEYS OFFICE
655 MAIN ST
ISLIP NY 11751-3651

0-35644/Connor/hs

claims

# Exhibit F



November 6, 2025

**REGULAR AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**HOLBROOK CHAMBER OF COMMERCE**
**PO BOX 70**
**HOLBROOK, NY 11741**

RE:    *G.C. an Infant under the age of eighteen (18) years by Chrystie Cottone, his mother and*
       *natural guardian, and Chrystie Cottone, individually (the "Plaintiff") against The Suffolk*
       *County Police Department, County of Suffolk, Town of Islip, The Holdbrook Chamber of*
       *Commerce, Inc., Holbrook Country Club, Michael Aulivola, Tristan Cevi, Kristo Cevi, as*
       *parent and natural guardian of Tristan Cevi, and individually and Shpresa Cevi as*
       *parent and natural guardian of Tristan Cevi, and individually*

       Claim Number:        0-35644
       Policyholder:        Holbrook Chamber of Commerce
       Policy:              SE 3001801
       Policy Effective:    5/29/2023-12/9/2023
       Issuing Company:     U.S. Underwriters Insurance Company

Dear Policyholder:

Pursuant to our previous correspondence dated February 12, 2024, U.S. Underwriters Insurance
Company (the "Company") had received notice of a Notice of Claim for the alleged negligent
failure to ensure the premises owned by the Town of Islip at 700 Patchogue-Holbrook Rd.,
Holbrook, NY 11772 during the Holbrook Chamber of Commerce Carnival on Saturday, August
26, 2023 which alleged that at approximately 10:40 pm on August 26, 2023 while attending the
carnival, Guiseppe Cattone, was seriously injured when criminally assaulted by Tristan Ceevy
and stabbed multiple times in the torso and the Company acknowledged that at that time there
were no known claims or allegations being asserted against Holbrook Chamber of Commerce but
because the Town of Islip was seeking coverage as an additional insured the Company explained
that the commercial general liability policy of insurance, SE 3001801 (the "Policy") issued to
Holbrook Chamber of Commerce (the "Policyholder") does not provide coverage, indemnity or
defense, for any insured or additional insured in this matter.

Recently the Company has received a copy of the above-captioned complaint filed on September
30, 2025 on behalf of G.C. an Infant under the age of eighteen (18) years by Chrystie Cottone,
his mother and natural guardian, and Chrystie Cottone, individually (the "Plaintiff") which
includes the sole cause of action against the Policyholder and Town of Islip for negligence in
their failure to provide adequate security and failure to protect the attendees of the carnival event
on August 26, 2023, that Plaintiff and her infant children were leaving the grounds of when they
were allegedly accosted by Tristan Cevi who stabbed infant plaintiff G.C. multiple times.

As previously advised and is explained in more detail below, the Policy does not provide
coverage, indemnity or defense, for this matter. Throughout this correspondence I will quote

A BERKSHIRE HATHAWAY COMPANY

1190 DEVON PARK DRIVE • P.O. BOX 6700 • WAYNE, PA 19087 • 610-688-2535 • 868-523-5545 • FAX 610-688-4091

United States Liability Insurance Company • Mount Vernon Fire Insurance Company • U.S. Underwriters Insurance Company

**USLI.COM**

certain policy provisions pertinent to the Company's coverage analysis. Please refer to the Policy, as the language of all policy terms, conditions, exclusions and endorsements set forth in the Policy are determinative of the existence of coverage.

Please refer to policy form L 820 (12/18) Special Events Blanket Additional Insured Endorsement states the following:

> **Section II – Who Is An Insured** of the **Commercial General Liability Coverage Form** is amended to include as an insured any person(s) or organization(s) who you are required to add as an additional insured to this policy under written contract(s), written permit(s) or written agreement(s). Such person(s) or organization(s) is an insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" occurring after the effective date of such written contract(s), written permit(s) or written agreement(s) that is caused, in whole or in part by:
> 1.    Your negligent acts or omissions; or
> 2.    The negligent acts or omissions of those acting on your behalf in the performance of your duties under such written contract(s), written permit(s) or written agreement(s)
>
> **Exclusions** under **Coverage A. Bodily Injury and Property Damage Liability, Coverage B. Personal and Advertising Injury Liability; and Coverage C. Medical Payments** are amended to add the following:
> We will not pay for loss or expense, including but not limited to the cost of defense for "bodily injury", "property damage" or "personal and advertising injury" occurring:
> (1)    After all of "your work", including labor, materials, parts or equipment furnished in connection with "your work" and performed under the above referenced written contract(s), written permit(s) or written agreement(s) has ended; or
> (2)    When that portion of "your work" out of which the "bodily injury", "property damage" or "personal and advertising injury" arises and performed under the above referenced written contract(s), written permit(s) or written agreement(s) has been put to its intended use by any person(s) or organization(s);
> whichever occurs first.
>
> Coverage is not provided for "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from the sole negligence of an additional insured under this endorsement.
>
> Coverage provided by this endorsement will be excess over any insurance available to any additional insured under this endorsement unless a written contract(s), written permit(s) or written agreement(s) specifically requires that coverage under this endorsement is primary.
> ...

2

The above-cited language states that any person(s) or organization(s) for whom the Policyholder is required to add as an additional insured to this Policy under written contract(s), written permit(s) or written agreement(s) is an additional insured but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" that occurs after the effective date of that contract and is caused in whole or in part by the Policyholder's negligent acts or omissions or the negligent acts or omissions of those working on behalf of the Policyholder in the performance of the Policyholder's duties under that contract.

The Company has not received any documentation to show that the Policyholder is required to add Town of Islip as an additional insured to this Policy under written contract(s), written permit(s) or written agreement(s) and are therefore unable to confirm whether or not Town of Islip would be entitled to coverage pursuant to policy form L820. Even if such a written contract(s), written permit(s) or written agreement(s) exists, the coverage provided to the additional insured is specifically limited to liability for "bodily injury", "property damage" or "personal and advertising injury" that is caused in whole or in part by the Policyholder's negligent acts or omissions or the negligent acts or omissions of those working on behalf of the Policyholder in the performance of the Policyholder's duties under that contract. Regardless of whether or not the Policyholder's negligent acts or omissions contributed in any way to the alleged injuries and the Town of Islip qualified as an additional insured pursuant to policy form L820, any coverage available to an additional insured is excess of any other insurance available to that additional insured.

Additionally, as to the Policyholder and any other party that may qualify as an insured or additional insured, the Policy does not provide coverage and no defense will be provided as to any insured or additional insured.

Please refer to the CG0001 (12/07) COMMERCIAL GENERAL LIABILITY COVERAGE FORM, which states the following:

### SECTION I – COVERAGES
### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1.    **Insuring Agreement**
      a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

      b.    This insurance applies to "bodily injury" and "property damage" only if:
            (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
            (2)    The "bodily injury" or "property damage" occurs during the policy period…

3

The use of quotation marks indicates that the term is defined in the Policy. Please refer to **SECTION V – DEFINITIONS** of the same form and note the following relevant definitions:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

17. "Property damage" means:

 a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

 b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it...

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

 a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

 b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent

Policy form **L610NY 01/07 EXPANDED DEFINITION OF BODILY INJURY – NEW YORK**, provides the following definition:

"Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death of a person that results. "Bodily injury" also means mental injury, mental anguish, humiliation, or shock that results from the emotional and psychological incidents that are otherwise covered by the policy regardless of whether or not the emotional distress was accompanied by physical contact.

Please also refer to **CG 21 44 07 98 LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**, which states the following:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

Premises:

Project:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

4

1.   The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
2.   The project shown in the Schedule.

Policy form **SOE 03/10 EXTENSION OF DECLARATIONS**, which includes the following:

### EXTENSION OF DECLARATIONS

Regardless of the dates shown on the Declarations, this insurance applies only for the location(s), event(s) and date(s) specified in this Extension of Declarations.

**Policy No. SE 3001601**

#### SCHEDULE OF EVENTS

| Event | Start Date | End Date |
|---|---|---|
| Parade (applicant is the host of the event) | 05/29/2023 | 05/29/2023 |
| **Location(s):** 1056 Main St, Holbrook, NY 11741 | | |
| Festival (applicant is the host of the event) | 08/24/2023 | 08/27/2023 |
| **Location(s):** 700 Patchogue-holbrook Road, Holbrook, NY 11741 | | |
| Party / Social Event - Christmas / Hanukkah Party (applicant is the host of the event) | 12/02/2023 | 12/02/2023 |
| **Location(s):** 941 Main Street, Holbrook, NY 11741 | | |
| Party / Social Event - Christmas / Hanukkah Party (applicant is the host of the event) | 12/07/2023 | 12/07/2023 |
| **Location(s):** 1000 Main Street, Holbrook, NY 11741 | | |

The above-cited Insuring Agreement states that coverage may apply when an insured becomes legally obligated to pay damages for an "occurrence" that results in "bodily injury" or "property damage" during the policy period. It further states that the Company has a duty to defend against "suits" seeking such damages and there is no duty to defend against any "suit" seeking damages to which this insurance does not apply. The above-cited definitions qualify what is meant when those terms are used in the Policy. Policy form CG2144 states that the Policy only provides coverage for "bodily injury" or medical expenses arising out of the ownership, maintenance or use of the scheduled premises or the scheduled project. Since no premises or project is shown in the form itself, coverage is limited to the premises shown on the Declarations. The relevant premises listed on the Declarations is 700 Patchogue-holbrook Road, Holbrook, NY 11741. Additionally, pursuant to the Extension of Declarations, the insurance only applies for the scheduled locations, events, and dates specified. Accordingly, the insurance provided by the Policy is limited to the Festival hosted by the Policyholder that took place at 700 Patchogue-holbrook Road, Holbrook, NY 11741 on August 24, 2023 through August 27, 2023.

Regardless of whether or not this matter involves an insured or an "occurrence" that resulted in "bodily injury" or "property damage" during the policy period that arose out of the ownership, maintenance or use of the scheduled premises or whether or not the alleged injuries were sustained at the scheduled location, event, and on the date specified, coverage is otherwise specifically excluded. Pursuant to the Insuring Agreement, the Company has no duty to defend against any "suit" seeking damages to which this insurance does not apply. Accordingly, the Company has no duty to defend because the insurance does not apply.

Please also refer to L 461 04/15 ABSOLUTE ASSAULT OR BATTERY EXCLUSION which is a part of the Policy and reads as follows:

This insurance does not apply to:

Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:

a. hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or

b. investigation or reporting any "assault" or "battery" to the proper authorities; or

c. the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or

d. any acts or omissions of any insured, its "employees", agents, officers, directors, patrons or other persons resulting from any "assault" or "battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.

This exclusion supersedes any provision in the attached policy that provides coverage for "bodily injury" arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the use of reasonable force to protect person(s) or property.

6

"Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature. "Battery" means negligent or intentional physical contact with another without consent that results in physical or emotional injury.

The above-cited exclusion states that the Policy does not provide coverage for any claim, demand or "suit" based upon any actual or alleged "assault" or "battery" and further states that there is no coverage for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery" and that the exclusion applies to all "bodily injury" sustained by any person, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible or the failure to protect any person while that person was in the care, custody or control of the insured or its "employees"; or any acts or omissions of any insured, its "employees", patrons or other persons resulting from any "assault" or battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury" to any person. The form includes definitions of the terms "assault" and "battery" to qualify what is meant when those terms are used in the Policy. Since this matter involves an incident that qualifies as an "assault" and/or "battery" as defined, coverage is precluded pursuant to the above-cited exclusion as to any and each insured.

Additionally medical payments related to the alleged injuries are excluded. **COVERAGE C MEDICAL PAYMENTS of the CG00 01 12 07 Commercial General Liability Coverage Form** states, in pertinent part, as follows:

1.   **Insuring Agreement**
     a.   We will pay medical expenses as described below for "bodily injury" caused by an accident:
          (1)   On premises you own or rent;
          (2)   On ways next to premises you own or rent; or
          (3)   Because of your operations;
          provided that:
                  (a)   The accident takes place in the "coverage territory" and during the policy period;
                  (b)   The expenses are incurred and reported to us within one year of the date of the accident; and
                  (c)   The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

     . . .

2.   **Exclusions**
     We will not pay expenses for "bodily injury":
     . . .

7

  g. **Coverage A Exclusions**
   Excluded under Coverage A.

The above-cited language explains when Coverage C Medical Payments is triggered so long as an exclusion does not apply. As set forth in Exclusion g. **Coverage A Exclusions**, however, all expenses for "bodily injury" that are excluded under Coverage A also are excluded under Coverage C. Therefore, because the alleged injuries are barred from coverage under Coverage A pursuant to policy form **L 461 12/11 ASSAULT OR BATTERY EXCLUSION** there also is no coverage under Coverage C for any medical payments associated with the alleged injuries. Accordingly, the Policy does not provide medical payments coverage for this matter.

We also refer you back to policy form **CG0001 (12/07) COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, which includes the following relevant language:

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

  ...

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**
  a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
   (1) How, when and where the "occurrence" or offense took place;
   (2) The names and addresses of any injured persons and witnesses; and
   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
  b. If a claim is made or "suit" is brought against any insured, you must:
   (1) Immediately record the specifics of the claim or "suit" and the date received; and
   (2) Notify us as soon as practicable.
   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
  c. You and any other involved insured must:
   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
   (2) Authorize us to obtain records and other information;
   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

8

d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

The above-cited language explains what the Policyholder's duties are in the event of a claim or "suit". As a reminder, although we are on notice of this claim, the above-cited conditions require that the Policyholder cooperate with the Company's investigation and immediately send us copies of any letters, emails, correspondence, demands, notices, summonses or legal papers, received in connection with the claim or suit. Failure to do so may jeopardize coverage under the Policy.

For all the reasons explained above, the Policy does not provide coverage to any insured regarding this matter and since the insurance does not apply the Company has no duty to provide a defense. This determination is based upon all information available to me at this time. If you have additional information or legal authority that you believe may affect the Company's position regarding coverage for this claim, or you obtain such information or authority in the future, I would be happy to review the same at any time. There may be other reasons for which coverage does not exist for this matter, and the failure to enumerate each and every potential ground for a coverage denial does not mean that the Company has waived any rights under the Policy. The Company's position may be subject to change if additional facts and legal theories are developed and we reserve all of our rights under the Policy. We recommend that you notify any other insurance carriers that may possibly afford coverage for this claim as soon as possible. If you have questions or disagree with the decision communicated in this letter, please contact me via email at mconnor@usli.com or by phone at 800-523-5545 x2479.

Regards

Maureen Connor JD, AIC, CPCU, SCLA
Assistant Vice President
Senior Coverage Specialist


C:     The Coste Agency, Inc.
       1000 Main Street
       P.O. Box 70
       Holbrook, NY 11741

       Zimmerman Law PC
       315 Walt Whitman Road, Suite 215
       Huntington Station, New York 11747

       Islip Town Attorneys Office
       655 Main Street
       Islip, NY 11751

9

THE SUFFOLK COUNTY POLICE DEPARTMENT
100 Veterans Memorial Highway,
Hauppauge, NY 11788

COUNTY OF SUFFOLK
100 Veterans Memorial Highway,
Hauppauge, NY 11788

THE HOLBROOK CHAMBER OF COMMERCE
P.O. Box 565
Holbrook, New York 11741

HOLBROOK COUNTRY CLUB
Town Hall, 655 Main Street
Islip, N Y 11751

MICHAEL AULIVOLA
100 Veterans Memorial Highway
Hauppauge, NY 11788

TRISTAN CEVI
393 Singingwood Drive
Holbrook, New York 11741

TRISTAN CEVI
2239 85th Street, Apt A5,
Brooklyn, New York, 11214

KRISTO CEVI
393 Singingwood Drive
Holbrook, New York 11741

SHPRESA CEVI
393 Singingwood Drive
Holbrook, New York 11741



US Investment Corp DBA (USLI)
1190 Devon Park Drive
Wayne PA 19087

USPS CERTIFIED MAIL

9214 8901 9403 8342 2806 36

ISLIP TOWN ATTORNEYS OFFICE
655 MAIN ST
ISLIP NY 11751-3651

0-35644/Connor/ML

Claims

# EXHIBIT B



350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law

**Coughlin Midlige**
**& Garland** LLP

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

Vincent J. Proto, Esq.
Direct: (973) 631-6058
Email: vproto@cmg.law

January 16, 2026

William D. Wexler, Esq.
816 Deer Park Avenue
North Babylon, New York 11703

> Re: ***G.C., et al. v. Suffolk County Police Department, et al.*, Index No. 626033/2025,**
> **Supreme Court, Suffolk County**
> Claim No.:           **0-35644**
> Policyholder:     **Holbrook Chamber of Commerce**
> Policy No.:         **SE 3001801**
> Effective Dates:  **5/29/2023-12/9/2023**
> Issuing Company:  **U.S. Underwriters Insurance Company**

Dear Mr. Wexler:

This firm is coverage counsel for U.S. Underwriters Insurance Company ("U.S. Underwriters"). I am writing on behalf of U.S. Underwriters in response to your December 15, 2025 and January 12, 2026 letters, seeking to tender the defense and indemnification of the Town of Islip to U.S. Underwriters under Policy No. SE 3001801 (the "Policy") in connection with the pending lawsuit referenced above (the "Cottone Action").

Pursuant to its February 12, 2024 coverage letter and its November 6, 2025 supplemental coverage letter, U.S. Underwriters disclaimed coverage under the Policy to the policyholder, Holbrook Chamber of Commerce, and to any and all additional insureds in connection with the assault and battery allegedly committed by Tristan Cevi against G.C. on August 26, 2023. The coverage disclaimers applied to the Town of Islip to the extent that it qualified as an additional insured under the Policy, and the Islip Town Attorneys Office was copied on both letters. Both coverage letters are enclosed.

Initially, the Special Events Blanket Additional Insured Endorsement provides that, for any person or organization to become an additional insured under the Policy, there must be a written contract, agreement, or permit under which the Holbrook Chamber of Commerce was required to include such person or organization as an additional insured under the Policy. U.S. Underwriters has not been provided with such a written contract, agreement, or permit as to the Town of Islip. In the absence of such a written contract, agreement, or permit, the Town of Islip does not qualify as an additional insured under the Policy. *See, e.g., Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire*



**Coughlin Midlige & Garland** LLP

William D. Wexler, Esq.
January 16, 2026
Page 2

*& Marine Ins. Co.*, 31 N.Y.3d 131, 134-136 (2018) (the plaintiff was not an additional insured because it was not a party to a contract with the insured as required under the additional insured endorsement of the policy).

Also, the Town of Islip may not rely on a certificate of liability insurance as proof that it is an additional insured under the Policy. *See, e.g., Ins. Corp. of N.Y. v. U.S. Underwriters Ins. Co.*, 11 A.D.3d 235, 236 (1st Dep't 2004) ("On the merits, the certificate of insurance naming Ginsburg as an additional insured is not, by itself, sufficient to raise a factual issue as to the existence of coverage"); *Trapani v. 10 Arial Way Assocs.*, 301 A.D.2d 644, 647 (2d Dep't 2003) ("a certificate of insurance which expressly states that it is 'a matter of information only and confers no rights upon the certificate holder,' as does the certificate in this case, is insufficient, by itself, to show that such insurance has been purchased").

Accordingly, U.S. Underwriters does not owe any duty to defend or indemnify the Town of Islip against the plaintiffs' claims in the Cottone Action because there is no proof that the Town of Islip is an additional insured under the Policy. As such, the Town of Islip is not entitled to a copy of the Policy or any of the other documentation requested pursuant to your letters.

Even if the Town of Islip were an additional insured, it still would not be entitled to defense or indemnification under the Policy. U.S. Underwriters' coverage disclaimer is based on the Absolute Assault Or Battery Exclusion of the Policy, which provides as follows:

This insurance does not apply to:

> Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

> This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:



**Coughlin Midlige & Garland** LLP

William D. Wexler, Esq.
January 16, 2026
Page 3

    a.  hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or

    b.  investigation or reporting any "assault" or "battery" to the proper authorities; or

    c.  the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or

    d.  any acts or omissions of any insured, its "employees", agents, officers, directors, patrons or other persons resulting from any "assault" or battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.

This exclusion supersedes any provision in the attached policy that provides coverage for "bodily injury" arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the use of reasonable force to protect person(s) or property.

"Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.

"Battery" means negligent or intentional physical contact with another without consent that results in physical or emotional injury.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

New York law is well-settled that assault and battery exclusions, including the above exclusion, are unambiguous and enforceable. *See, e.g., Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.*, 88 N.Y.2d 347, 351-52 (1996); *U.S. Underwriters Ins. Co. v. Val-Blue Corp.*, 85 N.Y.2d 821, 831-32 (1995); *C & S Franklin Realty Corp. v. United States Liab. Ins. Co.*, Index No. 22213/2020E, 2002 N.Y. Misc. LEXIS 7647 (Supr. Ct. Bronx Cty. Sep. 1, 2020) (same exclusion). In applying assault and battery exclusions, New York courts will hold that coverage is excluded "[i]f no cause of action would exist 'but for' the assault [or battery]." *Creative Housing*, 88 N.Y.2d at 353. *See also Amato v. Nat'l Specialty Ins. Co.*, 134 A.D.3d 966, 968 (2d Dep't 2015) (same); *Mark McNichols Enters., Inc. v. First Fin. Ins. Co.*, 284 A.D.2d 964, 965 (4th Dep't 2001) (same); *Hermitage Ins. Co. v. Beer-Bros, Inc.*, 48 Misc. 3d 369, 372 (N.Y. Sup. N.Y. Cty. 2015).



**Coughlin Midlige & Garland** LLP

William D. Wexler, Esq.
January 16, 2026
Page 4

In addition, assault or battery exclusions, such as the Assault or Battery Exclusion in the Policy, apply regardless of whether the underlying claim arises from the conduct of the insured, the conduct of an employee of the insured, or the conduct of a third party. *See Creative Housing*, 88 N.Y.2d at 352 ("it is immaterial whether the assault was committed by the insured or an employee of the insured on the one hand, or by a third party on the other").

The case law reflects the broad application of assault or battery exclusions to preclude coverage on the basis of the "but for" test enunciated by the Court of Appeals. For example, in *Mark McNichols*, "[a] patron in the tavern was injured when she was struck in the face by a beer bottle that had been thrown during a fight involving several other patrons." 284 A.D.2d at 964. The Fourth Department overturned the denial of summary judgment for the insurer, finding: "The claims of negligence in the underlying action, including those for negligent supervision, are all claims 'arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery,' and thus fall within the exclusions of the commercial general liability policy." *Id.* at 965.

In *C&S Franklin*, involving the same Assault or Battery Exclusion as contained in the Policy, the court granted summary judgment to United States Liability Insurance Company, the parent company of U.S. Underwriters, where the underlying plaintiff allegedly slipped and fell on a puddle of spilled drinks that would not have existed "but for" a melee at the insured bar. 2002 N.Y. Misc. LEXIS 7647 at *1-11.

Here, in the Verified Complaint filed in the Cottone Action, the plaintiffs allege that G.C. was stabbed by Tristan Cevi as he, his brother, and his mother were leaving the carnival grounds. Verified Complaint, ¶ 28. The plaintiffs further allege that the Town of Islip and the Holbrook Chamber of Commerce, among others, caused G.C.'s injuries due to "their failure to provide adequate security and negligently performing their duties to protect the Plaintiffs and other attendees at the said Carnival." *Id.*, ¶ 30. In a separate count, the mother, Chrystie Cottone, alleges that she has suffered compensable injuries, including mental anguish and emotional distress, from witnessing the stabbing of her son. *Id.*, ¶¶ 54-60.

The plaintiffs' claims against the Town of Islip and the Holbrook Chamber of Commerce fall squarely within the terms of the Assault or Battery Exclusion. Clearly, it is alleged that an assault and battery took place as G.C. was stabbed by Tristan Cevi. Consequently, all of the claims asserted by the plaintiffs in their Verified Complaint arise out of that assault and battery, *i.e.*, "but for" the assault and battery committed by Tristan Cevi, there would be no claims against the defendants.

Moreover, the Assault or Battery Exclusion applies to "any claim, demand or 'suit'" in which the underlying operative facts constitute 'assault' or 'battery'." It also applies to claims for



**Coughlin Midlige & Garland** llp

William D. Wexler, Esq.
January 16, 2026
Page 5

negligence or other wrongdoing arising from the "hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible" or "the failure to protect any person while that person was in the care, custody or control of the insured, its 'employees', agents, officers or directors." Claims for "emotional distress and mental anguish" are also specifically excluded. Such claims are clearly alleged in the Verified Complaint.

Thus, based on the clear terms of the Assault or Battery Exclusion and well-established New York law, there is no coverage under the Policy for the claims alleged by the plaintiffs in the Cottone Action against any insured or additional insured under the Policy.

For these reasons, U.S. Underwriters reaffirms its coverage disclaimer as to the Town of Islip as set forth in its prior coverage letters.

If you have any questions or would like to discuss, please do not hesitate to contact me.

Very truly yours,

VINCENT J. PROTO

VJP/cc
Enclosures

# EXHIBIT C

WILLIAM D. WEXLER
ATTORNEY AT LAW
816 DEER PARK AVENUE
NORTH BABYLON, NEW YORK 11703
(631) 422-2900

January 12, 2026

U.S. Underwriters Insurance Company
c/o United States Liability Insurance Group
1190 Devon Park Drive
P.O. Box 6700
Wayne, PA 19087

Attn:   Maureen Connor, Assistant Vice President
        Senior Coverage Specialist

        Re:   Named Insured: Holbrook Chamber of Commerce
              Additional Insured: Town of Islip
              Policy No.:   SE 3001801
              Claim No.:    0-35644
              Action:       Cottone v. Town of Islip, et al
              Index No.:    617165/2023

Dear Ms. Connor:

I write as follow-up to the Town of Islip's correspondence dated December 15, 2025, by which the Town formally tendered its defense and indemnification to United States Liability Insurance Group and U.S. Underwriters Insurance Company with respect to the above-referenced action.

To date, United States Liability Insurance Group has failed to respond to the Town of Islip's formal tender of defense and indemnification with respect to Cottone v. Town of Islip, et al., as set forth in the Town's correspondence dated December 15, 2025.

In that same correspondence, the Town expressly demanded production of a complete and certified copy of the subject insurance policy, including all declarations, endorsements, applications, binders, certificates, schedules, and amendments in effect for Policy No. SE 3001801. To date, U.S. Underwriters has failed to produce a complete copy of the policy as demanded. Any partial production, excerpts, or selective endorsements previously furnished are insufficient and do not satisfy the insurer's disclosure obligations under the policy or New York Insurance Law § 3420.

The failure to respond to the Town's tender, coupled with the failure to produce the complete policy, is particularly troubling given the insurer's prior reliance on purported exclusions and limitations to deny coverage. An insurer may not rely on policy provisions while simultaneously withholding the full contract upon which it claims to rely. Continued

nonproduction prejudices the Town's ability to evaluate coverage, assess the validity of any asserted disclaimer, and protect its legal rights.

Accordingly, the Town of Islip again formally demands that U.S. Underwriters immediately produce a complete and certified copy of the entire policy file for Policy No. SE 3001801, including but not limited to:

- All declarations pages;
- All endorsements (including additional insured, exclusionary, and limiting endorsements);
- All applications and underwriting materials incorporated into the policy;
- Any binders, schedules of events, or special event endorsements; and
- Any amendments or modifications in effect for the August 26, 2023 loss.

A copy of the complete policy is requested within ten (10) days of receipt of this letter.

Nothing herein shall be deemed a waiver of any rights, remedies, or positions of the Town of Islip, all of which are expressly reserved.

Very truly yours,

William D. Wexler

cc:    Islip Town Attorney's Office
       By: Taryn L. Jewell, Assistant Town Attorney